Clerk of the Court,

6/20/24

Enclosed is the first of three parts of a motion for permission to file a successive 2255. It contains the motion itself and the proposed 2255. The exhibits to the 2255 will be in a second envelope and the original 2255 and order denying it will be in a third envelope, Allah willing. Please file them all together. Thank you.

Sincerely,

Zachary Chesser

Envelope 2/3: Exhibits to Attached 2255
Envelope 3/3: Original 2255 and Order Denying It

RECEIVED 2024 JUL -1 P 3:05 U.S. COURT OF APPEALS FOURTH CIRCUIT

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. _____

In re: Zachary Adam Chesser, Movant
    United States of America, Respondent.

---

Application for Successive 2255 Authorization in United States v. Chesser, Crim. No. 1:10-cr-395-LO-1 out of the Eastern District of Virginia

---

I, Zakariyya Al-Uqtani (Zachary Chesser), move this court pursuant to 28 U.S.C. § 2255(h)(2) to authorize the attached "Second and Successive Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255," which is based on the new rule of substantive constitutional law announced in *Counterman v. Colorado*, 143 S.Ct. 2106, 2023 LEXIS 2788 (2023), adding a recklessness mens rea to true threat doctrine, requiring evaluation of the actual risk a true threat would be perceived, and clarifying that the level of protection speech is afforded is based primarily on its value, not its harms.

## Procedural History

In October 2010, I pled guilty to (1) communicating threats, in violation of 18 U.S.C. § 875(c); (2) soliciting hoax threats to endanger others on mass transportation, in violation of 18 U.S.C. § 373 and §§ 1992(a)(2), (a)(9) & (a)(10) and 1038; and (3) providing material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B. Docs. 28, 30 & 31. In February 2011, I was sentenced to 300 months in prison. I did not appeal. In 2016, I filed a 2255 based on

1

*Elonis v. United States*, Doc. 67 (sent separately), which was denied, Doc. 88 (sent separately), based on grounds *Counterman* overrules. In the course of those proceedings, I raised the claim that "attempted threats" were not a crime of violence under §373's "elements clause." Doc. 81 p. 114-116. Even though the Supreme Court sided with my position much later in *United States v. Taylor*, 142 S. Ct. 2015 (2022), the 2241 I filed in 2023 was denied because *Taylor* (unlike *Counterman*) was a statutory holding. *Chesser v. Lovett*, no. 5:23-cv-234 (N.D.W.Va.). In other words, I am in prison for the crime of correctly arguing the law in a timely manner before courts were ready to recognize I was right. This is a motion to correct that grave miscarriage of justice.

## Argument

*Counterman* announced new substantive First Amendment rules that overruled this circuit's past standard for true threats in *United States v. White*, 670 F.3d 498 (4th Cir. 2012). While it probably won't come up in anyone else's case, *Counterman* also overrules my own District Court's holdings that it didn't matter that nobody perceived a true threat on Count One, Doc. 88 p. 17, and that "knowingly advocating violence" sufficed under *Elonis*'s statutory mens rea respecting true threats. Id. at 15 & 18-19. *Counterman* requires one to "consciously disregard a substantial risk his communications would be viewed as

2

threatening violence." Id. at 5. If nobody perceived a true threat (and my audience had millions of people... and the DOJ and NYPD were among those saying there was no true threat...) there obviously wasn't a "substantial risk" for me to "consciously disregard" (and I took numerous steps to ensure this). The District Court also based its denial on the fact that I'd advocated violence, holding this was inherently a true threat, so my deliberate advocacy made me guilty. Counterman, at 1a-20, clarifies that advocacy must be analyzed under incitement doctrine, even though it is more harmful than true threats, because advocacy of violence has greater value. In fact, all three of the Supreme Court's incitement cases applied this doctrine to linguistic threats that simply came in the course of broader advocacy. Whereas my own case has no linguistic threats and only contains advocacy and predictions of *third-party* violence. All of this distinguishes my current Counterman claim on Count One from my past Elonis claim, but the most obvious difference is actually that, as a statutory actual innocence claim, the mens rea element was subjected to "no reasonable juror" analysis while my current First Amendment claim requires de novo review. United States v. Bly, 510 F.3d 453, 457-58 (4th Cir. 2007).

With respect to my claims my conviction on Count Two for soliciting hoax threats violates the First Amendment, there was no case like Elonis for §1092(a)(10), so Counterman

3

is even more obviously new.

The results of *Counterman* clearly were not dictated by precedent existing at the time [my] conviction became final," *Teague v. Lane*, 489 U.S. 288, 301 (1989), so it announced a new rule. It overruled precedent in this circuit that was in place the last time I filed a 2255, so it "was previously unavailable" to me. *In re: Graham*, 61 F.4th 433, 2023 U.S. App. LEXIS 5523, 17 (4th Cir. 2023). And substantive rules of constitutional law are always retroactive. Id. at 16-17. Thus, my motion meets the gatekeeping requirements of § 2255(h)(2).

To the extent this hinges on my motion itself, it is attached, and the court can review it. I had to send this in multiple envelopes, so, if pages seem to be missing, the clerk may have filed them separately somewhere.

Respectfully submitted,

Zachary Adam Chesser
Reg. No. 76715-083
U.S.P. Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

### Certificate of Mailing/Service

I certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I placed this in the mail with attached successive 2255 and exhibits and my original 2255 and the order denying it with pre-paid first class postage, using my prison's legal mail system on June 20, 2024, and that I caused a true copy of these documents to be emailed to Gordon Kromberg or another representative of the United States when filed by the clerk.

Zachary Adam Chesser

4